UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MHJ,

                                      Plaintiff,

              v.                                                         9:23-CV-0362
                                                                              (BKS/ML)

WELLPATH, et al.,

                                      Defendants.
_____

APPEARANCES:

MHJ
Plaintiff, Pro Se
88002700
Onondaga County Justice Center
555 South State Street
Syracuse, NY 13202

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff MHJ commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 8 ("IFP Application").[1] Plaintiff's

---

[1] By Order entered on March 23, 2023, the action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 3 ("March 2023 Order"). Plaintiff was advised that if he wished to pursue this action he must so notify the Court within thirty (30) days and either (1) pay the $402.00 filing fee in full, or (2) submit a properly completed and signed IFP application. *Id*. at 1-3. Thereafter, plaintiff filed an application to proceed IFP, along with the inmate authorization form required in this District, and the Clerk was directed to reopen this action and restore it to the Court's active docket. Dkt. Nos. 4, 5, 6. By Decision and Order entered on April 6, 2023, plaintiff's IFP application was denied as incomplete, and plaintiff was

complaint included a request that he be allowed to proceed in this action using only his initials to "protect" his "identity." Compl. at 5.

By Decision and Order entered on May 24, 2023, this Court granted plaintiff's IFP Application and, following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed certain of plaintiff's claims and found that his Eighth Amendment medical indifference claims against Onondaga County Jail Medical Provider Wellpath and Onondaga County Jail Chief Deputy John Doe survived sua sponte review and required a response. Dkt. No. 9 ("May 2023 Order"). Because service could not be effectuated on the Doe defendant and Wellpath is a corporate entity likely to be represented by private counsel and unaware of the identity of the Doe defendant, the Court directed the Clerk to send a copy of the complaint and May 2023 Order to the Onondaga County Attorney's Office and requested that this Office, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), attempt to ascertain the full name of the Doe defendant. *Id*. at 13-14. In addition, the Court directed plaintiff to file a supplement to his application to proceed by pseudonym within thirty (30) days, addressing the factors discussed in the May 2023 Order, "including whether other tools, such as the redaction of medical information from documents or sealing sensitive medical information, would address Plaintiff's confidentiality concerns." *Id*. at 12-13.

Presently before the Court are the following: (1) a letter filed by plaintiff that supplements his application to proceed by pseudonym and includes supplemental allegations of wrongdoing, Dkt. No. 11 ("Supplemental Submission"); and (2) a letter filed by

---

afforded a final opportunity to comply with the filing fee requirement. Dkt. No. 7. Plaintiff then timely filed his IFP Application.

a representative from the Onondaga County Attorney's Office regarding the identity of the remaining Doe defendant, Dkt. No. 12 ("Status Report").

## II.     SUPPLEMENTAL SUBMISSION

### A.     Supplemental Allegations of Wrongdoing

The Supplemental Submission includes several new allegations of wrongdoing based on alleged events that occurred after the filing date of the complaint, as well as based on the criminal sentence imposed on plaintiff in February, 2023, which forms the basis of his current incarceration.  *See* Supplemental Submission at 1-3.  More specifically, the Supplemental Submission alleges that on February 12, 2023, prior to plaintiff's criminal sentencing, he filed a motion advising the sentencing court that he suffers from a "chronic medical condition" and would lose his home if he was "sent to jail."  *Id*. at 3.  The Supplemental Submission further alleges that on April 11, 2023, plaintiff's motion was "summarily denied[,]" and he was sentenced to "two concurrent terms of 364 days incarceration."  *Id*. at 1, 3.  Finally, the Supplemental Submission alleges that on May 12, 2023, plaintiff "was given a chest x-ray" after being placed on an antibiotic for a "deep . . . cough[,]" was later told that the x-ray and an "EKG" he also received were "both normal[,]" and was not provided with certain prescribed medication needed to treat his serious medical condition on May 28, 2023, "due to it having 'run out[.]'"  *Id*. at 1-3.

The document does not name any new defendants or identify the official(s) involved in the alleged wrongdoing that occurred after the filing date of the original complaint.  In addition, plaintiff's allegations challenging his criminal sentence do not give rise to a cognizable Section 1983 claim.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)

(noting that a civil rights claim for malicious prosecution requires termination of the prior criminal action in plaintiff accused's favor to avoid a collateral attack on the criminal conviction and sentence in a civil suit, and holding that habeas corpus is the exclusive remedy for challenges to the constitutionality of the duration or imposition of a sentence). Furthermore, plaintiff's new allegations related to his medical condition and treatment do not plausibly suggest that any official acted with deliberate indifference to his serious medical needs.[2]

For these reasons, insofar as plaintiff's Supplemental Submission may be construed as a motion to supplement the complaint, the request is denied. *See, e.g., Gannon v. Sears*, No. 9:09-CV-1083 (GTS/GHL), 2011 WL 582579, at *3 (N.D.N.Y. Feb. 9, 2011) ("[A] motion to supplement a complaint, brought pursuant to Fed. R. Civ. P. 15(d), may properly be denied based on futility."); *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (noting that motions to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party"); *Bradshaw v. Marshal*, No. 9:21-CV-0826 (MAD/CFH), 2022 WL 3152363, at *2 (N.D.N.Y. Aug. 8, 2022) ("An amendment is futile if the proposed claim could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." (citations omitted)), *reconsideration denied by* 2022 WL 4494280 (N.D.N.Y. Sept. 28, 2022).

B.     **Request to Proceed Under a Pseudonym**

As a general rule, parties may not litigate their disputes anonymously. "The people

---

[2] The legal standard governing a medical indifference claim was discussed at length in the May 2023 Order and will not be restated herein. *See* May 2023 Order at 7-11.

have a right to know who is using their courts." *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Thus, Rule 10(a) of the Federal Rules of Civil Procedure states that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "This requirement . . . serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff,* 537 F.3d at 188-89.

At the same time, in certain "sensitive situations, some materials, including the names of parties, may be under judicial seal." *In re New York Times Co. to Unseal Wiretap and Search Warrant Materials,* 577 F.3d 401, 410 n. 4 (2d Cir. 2009). There are "a limited number of exceptions to the general requirement of disclosure of the names of parties, which permit plaintiffs to proceed anonymously." *Sealed Plaintiff,* 537 F.3d at 189 (citation omitted). To decide whether a plaintiff may be allowed to prosecute an action using a pseudonym, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* In *Sealed Plaintiff,* the Second Circuit articulated a non-exhaustive list of ten factors courts should consider when faced with an application to proceed under a pseudonym:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by

>  the district court, (7) whether the plaintiff's identity has thus far been kept
>  confidential, (8) whether the public's interest in the litigation is furthered by
>  requiring the plaintiff to disclose his identity, (9) whether, because of the purely
>  legal nature of the issues presented or otherwise, there is an atypically weak
>  public interest in knowing the litigants' identities, and (10) whether there are any
>  alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (citations omitted).

In the Supplemental Submission, plaintiff reiterates that his medical condition forms the basis of his request to proceed under a pseudonym, and states that (1) disclosure of his condition presents a risk of retaliatory harm because his criminal case was the subject of "press coverage[,]" and (2) he is vulnerable to harm from public disclosure because he is 59 years old and African American. *Id*. at 4. Plaintiff also states, incorrectly, that his lawsuit challenges the actions of only private parties. *Id*.

Upon review of plaintiff's submission in light of the factors identified in *Sealed Plaintiff*, and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff's application should be granted. Plaintiff alleges that he has a highly sensitive and serious medical condition that requires a daily prescription medicine. Compl. at 2. Given his alleged privacy concerns, allegations of a risk of retaliation, and the logistical issues involved in ensuring that all medical information is redacted in this action where his claim is based upon his failure to receive his daily medicine, the Court finds that the governing factors favor granting plaintiff's request, as opposed to requiring all parties to redact medical information from documents filed throughout this action.

Accordingly, plaintiff's request to proceed with this action by means of a pseudonym is granted. In so ruling, the Court directs the Clerk to update the docket to identify plaintiff solely by his initials, restrict all filings that currently bear plaintiff's name, as discussed in

General Order #22, section 11.4, and attach to each restricted document a redacted version for public viewing that removes all references to plaintiff's name.

### III. STATUS REPORT

The Status Report filed in response to the *Valentin* directive in the May 2023 Order indicates that "the Onondaga County sheriff's chief custody deputy is John S. Drapikowski[.]" *Id*. The Status Report also provides a service address for this official. *Id*.

The Court allowed plaintiff's Section 1983 claims to proceed against Wellpath and Onondaga County Jail Chief Deputy John Doe so that he could proceed with discovery to identify "the names(s) of the official(s) ultimately responsible for the decision not to provide him with access to his medication." *See* May 2023 Order at 10 n.7. Furthermore, in light of the allegations in the complaint, the Court has concerns regarding potential issues with plaintiff's access to medication he needs to treat a serious condition, and the other defendant in this case has yet to be served.

Accordingly, and for the sake of efficiency, the Court will sua sponte add John S. Drapikowski as a defendant in place of Onondaga County Jail Chief Deputy John Doe so that service may proceed and issue may be joined. *See Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at * 2 (W.D.N.Y. Jan. 24, 2005) (permitting the addition of the correctional facility's Superintendent to facilitate service and discovery to uncover the identities of the unknown defendants); *Dorsey v. Fischer*, No. 9:09-CV-1011 (GLS/DEP), Decision and Order (N.D.N.Y. filed Jan. 23, 2012) (sua sponte adding the Superintendent of the correctional facility where the alleged wrongdoing occurred in order to facilitate the identification of Doe defendants). Once issue is joined, a scheduling order will issue and the parties will be

required to exchange mandatory initial disclosures, which may contain the information necessary for plaintiff to identify the names(s) of the official(s) ultimately responsible for the decision not to provide him with access to his medication.  Upon plaintiff's discovery of such information, he should file an amended complaint that properly names all necessary parties.

For the sake of clarity, plaintiff is directed to advise the Court, within ten (10) days of the date of this Decision and Order, whether he is currently receiving the medication at issue in this case, and, if not, why.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that insofar as plaintiff's Supplemental Submission (Dkt. No. 11) may be construed as a motion to supplement the complaint, the request is **DENIED** as set forth above; and it is further

**ORDERED** that plaintiff's request to proceed with this action by means of a pseudonym (Dkt. No. 1) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall update the docket to identify plaintiff solely by his initials, restrict all filings in this case that bear plaintiff's name as discussed in General Order #22, section 11.4, and attach to each restricted document a redacted version for public viewing that removes all references to plaintiff's name; and it is further

**ORDERED** that the Clerk is directed to add John S. Drapikowski as a defendant for purposes of service and discovery only. In the event plaintiff learns, through discovery, that this official was personally involved in the decision not to provide him with access to his medication, he must file a amended complaint that properly identifies him as a party to the

proceeding; and it is further

**ORDERED** that the Clerk shall issue a summons bearing only plaintiff's initials and provide it to the United States Marshals Service, along with a redacted version of the complaint that removes all reference to plaintiff's name, for service upon John S. Drapikowski. The Clerk shall forward a copy of these documents by regular mail to the Onondaga County Attorney's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the complaint be filed by John S. Drapikowski, or his counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that plaintiff advise the Court, within ten (10) days of the date of this Decision and Order, whether he is currently receiving the medication at issue in this case, and, if not, why; and it is further

**ORDERED** that the Clerk shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: June 30, 2023
      Syracuse, New York

*(signature)*
Brenda K. Sannes
Chief U.S. District Judge