UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**MHJ,**

                        *Plaintiff,*

                            *v.*                                 **ANSWER TO COMPLAINT**

**WELL PATH (ONONDAGA COUNTY JAIL MEDICAL PROVIDER), JOHN DOE, and JOHN S. DRAPIKOWSKI,**     Civil No.: 9:23-cv-00362-BKS-ML

                        *Defendants.*

      Defendant, Wellpath (Onondaga County Jail Medical Provider) (hereinafter "Defendant"), through its attorneys Barclay Damon LLP, as and for its responses to Plaintiff's Complaint ("Complaint") (Dkt. Nos. 1 & 2) hereby states as follows:

      Preliminarily, pursuant to the July 5, 2023 Decision and Order of Northern District of New York District Brenda K. Sannes (*see* Dkt. No. 13) (the "Order"), the Court ordered that the Clerk is directed to add John S. Drapikowski as a defendant for purposes of service and discovery only. In the event plaintiff learns, through discovery, that this official was personally involved in the decision not to provide him with access to his medication, he must file an amended complaint that properly identifies him as a party to the proceeding. None of the of the allegations in the Complaint thus pertain to Mr. Drapikowski, and Mr. Drapikowski is not obligated to respond to the factual allegations in the Complaint. To the extent Mr. Drapikowski is obligated to respond to the allegations in the Compliant, Mr. Drapikowski denies all such allegations.

      Further, the allegations in the Complaint interposed against Defendant concerning claims dismissed by the Order, and allegations concerning defendants that were dismissed from the action, are moot and no response is required. To the extent a response is required, Defendant denies all

such allegations in the Complaint.

## ANSWERING THE PARAGRAPH COMMENCING WITH
## "5. Statement of Claim"

1. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

## ANSWERING THE PARAGRAPH COMMENCING WITH
## "I was arrested"

2. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

## ANSWERING THE PARAGRAPH COMMENCING WITH
## "During intake"

3. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

27910583.1

### ANSWERING THE PARAGRAPH COMMENCING WITH
### "After being arraigned"

4.      Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

### ANSWERING THE PARAGRAPH COMMENCING WITH
### "Sometime later"

5.      Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

### ANSWERING THE PARAGRAPH COMMENCING WITH
### "When I still"

6.      Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

**ANSWERING THE PARAGRAPH COMMENCING WITH**
**"On 2/28 I received a note"**

7. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

**ANSWERING THE PARAGRAPH COMMENCING WITH**
**"During the week of March 14, 2023 I noticed"**

8. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

**ANSWERING THE PARAGRAPH COMMENCING WITH**
**"During the week of March 14, 2023 I again met with"**

9. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

### ANSWERING THE PARAGRAPH COMMENCING WITH
### "On Monday, March 20, 2023"

10. Due to the vague, ruminative, conclusory and legal/non-factual nature of the allegations, denies knowledge or information sufficient to form a belief as to the truth of the allegations in this section of the Complaint, and thereby denies the same, but specifically denies any allegations that Defendant provided inadequate medical care, denied access to medication, was deliberately indifferent to Plaintiff's medical needs, violated any statute or constitutional provision, or engaged in any wrongdoing whatsoever.

### ANSWERING THE PARAGRAPH COMMENCING WITH
### "6. Relief"

11. Denies the allegations contained in this paragraph in the form alleged and refer all questions of law to the Court.

12. Denies each and every other allegation contained in the Complaint not herein before admitted, denied, or otherwise controverted.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

13. Upon information and belief, that culpable conduct on the part of the Plaintiff caused or contributed to the happening of the alleged damages.

14. Plaintiff should be barred from recovery by reason of the fact that the subject damages were entirely the result of culpable conduct on the part of Plaintiff, or in the event that Plaintiff is entitled or recover, the amount of damages otherwise recoverable should be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

### SECOND AFFIRMATIVE DEFENSE

15. Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen

27910583.1

or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

16.     Upon information and belief, whatever damages and injuries, if any, which were sustained by the Plaintiff were proximately caused by superseding and/or intervening causes and not by any action or omission of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

17.     Defendant has governmental/qualified immunity from liability for damages for the causes of actions alleged in the Plaintiff's Complaint.

### FIFTH AFFIRMATIVE DEFENSE

18.     At all times relevant to Plaintiff's claims, Defendant conformed their conduct to the state of medical knowledge, common and accepted procedures in the medical field, professional standards and the medical state of the art.

### SIXTH AFFIRMATIVE DEFENSE

19.     Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a).

### SEVENTH AFFIRMATIVE DEFENSE

20.     That the relative culpability of each person who is or may be liable for the damages alleged by the Plaintiff in this action should be determined in accordance with the Article 14 of the Civil Procedure Law and Rules and the equitable share of each person liable for contribution should be determined in accordance with the relative culpability of each such person, if any.

### EIGHTH AFFIRMATIVE DEFENSE

21.     Defendant specifically denies liability for the damages alleged by Plaintiff, but if liability is assessed against Answering Defendants, and the percentage of liability is 50% or less

6

of the total liability assigned to all persons or entities liable, then pursuant to Article 16 of the Civil Practice Law and Rules, Defendant's liability for non-economic loss shall not exceed his equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## NINTH AFFIRMATIVE DEFENSE

22. Upon information and belief, that the causes of action, if any, alleged in the Complaint are barred by the applicable limitation of action periods.

## TENTH AFFIRMATIVE DEFENSE

23. Upon information and belief, that some or all of Plaintiff's damages will be replaced or indemnified, in whole or in part, from collateral sources, and Defendant is therefore entitled to a collateral source offset under CPLR Section 4545.

## ELEVENTH AFFIRMATIVE DEFENSE

24. Plaintiff's New York State causes of action have been dismissed from the action; regardless, they are barred, or time-barred, due to plaintiff's failure to comply with New York General Municipal Law §§ 50-e, 50-h and 50-i.

**WHEREFORE,** Defendant, Wellpath (Onondaga County Jail Provider) demands a Judgment of this Court in their favor against Plaintiff for:

A. Dismissal of the Complaint in its entirety, on the merits and with prejudice;

B. A trial by jury; and

C. Granting such other and further relief as the Court deems just and proper

**DATED:** March 27, 2024          **BARCLAY DAMON LLP**

By: _s/ Paul A. Sanders_
        Paul A. Sanders

*Attorneys for Defendants*
*Wellpath (Onondaga County Jail Medical*

*Provider) and John S. Drapikowski*
Office and Post Office Address
100 Chestnut Street, Suite 2000
Rochester, New York 14604
Tel: (585) 295-4432
Email: psanders@barclaydamon.com

27910583.1