UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MHJ,

         Plaintiff,

  v.                    9:23-CV-0362
                             (BKS/ML)

WELLPATH, et al.,

         Defendants.
_____

APPEARANCES:

MHJ
Plaintiff, Pro Se

BARCLAY DAMON LLP        PAUL A. SANDERS, ESQ.
Attorney for Defendants
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604-2072

MIROSLAV LOVRIC
United States Magistrate Judge

**DECISION AND ORDER**

**I.  INTRODUCTION**

  Plaintiff MHJ, proceeding pro se in this 42 U.S.C. § 1983 ("Section 1983") civil rights action, alleges wrongdoing while he was incarcerated at Onondaga County Justice Center. Dkt. No. 1 ("Compl."). By Decision and Order entered on May 24, 2023, the Honorable Brenda K. Sannes found, after reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), that plaintiff's Eighth Amendment claims against Onondaga

County Jail Medical Provider Wellpath and Onondaga County Jail Chief Deputy John Doe survived sua sponte review. Dkt. No. 9 ("May 2023 Order"). Thereafter, an Onondaga County official filed a letter regarding the identify of the "Doe" defendant, and Chief Judge Sannes issued a Decision and Order that, among other things, directed the Clerk to add John S. Drapikowski as a defendant for purposes of service and discovery only. Dkt. Nos. 12, 13.

Following the completion of service, defendants answered the complaint, and a mandatory pretrial discovery and scheduling order was issued. Dkt. Nos. 22, 33, 35. The action is currently in the discovery phase, and plaintiff is no longer incarcerated.

Presently before the Court is plaintiff's motion for appointment of counsel. Dkt. No. 41 ("Motion for Counsel").

## II.   DISCUSSION

Plaintiff seeks appointment of counsel based on his lack of financial resources and inability to obtain pro bono counsel on his own, despite his efforts. *See* Motion for Counsel.

It is well-settled that there is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second

2

Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61. None of these factors are controlling, however, and each case should be decided on its own facts. *Id*.

Here, the main facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's complaint wherein he states the facts surrounding his claims. Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

Moreover, even if the Court were to assume that the case may be of substance, at this stage of the proceeding, the claims that remain in this action are based on a discrete issue – the deprivation of medication for a serious condition – during a relatively brief period of time, while plaintiff was incarcerated at Onondaga County Justice Center. *See* May 2023

3

Order at 4-11. These claims do not appear to present any overly complex issues, and plaintiff's motion does not argue otherwise. The limited record before the Court also indicates that plaintiff has an ability to investigate pertinent facts and present his case, having adequately asserted claims that survived initial review and responded to the Court's directive regarding his application to proceed by pseudonym. *See* Dkt. Nos. 9, 11, 13. Furthermore, the scheduling order recently issued in this case requires that plaintiff be provided with certain discovery, which should help him to frame the issues in the case and investigate the "crucial facts" without the need for counsel.

While it is possible, should this case proceed to a trial, that there will be conflicting evidence implicating the need for cross-examination, as is the case in many actions brought under Section 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995). Further, if this case proceeds to trial, it is highly probable that trial counsel will be appointed at the final pretrial conference. This Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

Based on the foregoing, the Court finds that appointment of counsel is unwarranted. Plaintiff may file another motion for appointment of counsel in the event he can demonstrate that, in light of <u>specific</u> changed circumstances, consideration of the above factors warrants granting the application.

## III. CONCLUSION

**WHEREFORE**, it is hereby

  **ORDERED** that plaintiff's motion for appointment of counsel (Dkt. No. 41) is **DENIED** as set forth above; and it is further

  **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: June 28, 2024
   Binghamton, NY

           _____
           Miroslav Lovric
           U.S. Magistrate Judge