**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

M.H.J.,

                          Plaintiff,                    9:23-cv-362 (BKS/ML)

v.

WELLPATH, JOHN S. DRAPIKOWSKI,
and JOHN DOE,

                          Defendants.

---

**Appearances:**

*Plaintiff Pro Se:*
M.H.J.
Syracuse, NY 13204

*For Defendant Wellpath and Drapikowski:*
Paul A. Sanders
Barclay Damon LLP
2000 Five Star Bank Plaza
100 Chestnut Street
Rochester, NY 14604

Amanda Miller
Barclay Damon LLP
80 State Street
Albany, NY 12207

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiff pro se M.H.J. brought this action under 42 U.S.C. § 1983 alleging claims arising out of his incarceration at the Onondaga County Jail. (Dkt. No. 1). Following the close of discovery, Defendant Wellpath moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(c). (Dkt. No. 54). This matter was assigned to United States Magistrate Judge Miroslav Lovric who, on May 6, 2026, issued a Report-Recommendation recommending that

Defendant's motion for judgment on the pleadings be granted and that the complaint be dismissed. (Dkt. No. 58).[1] Magistrate Judge Lovric advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. (*Id.* at 11). No objections were filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 58) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss the complaint (Dkt. No. 54) is **GRANTED;** and it is further

**ORDERED** that the Complaint (Dkt. No. 1) is **DISMISSED**. The Clerk of the Court is respectfully directed to enter judgment and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>May 27, 2026</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[1] Although the motion to dismiss was only filed on behalf of Defendant Wellpath, Magistrate Judge Lovric noted that John S. Drapikowski was added as a defendant "for purposes of service and discovery only"; that discovery had closed; that Plaintiff had "not sought to amend the complaint to identify the official(s) responsible for the decision not to provide him with access to his medication"; that it is "undisputed that Defendant Drapikowski lacked personal involvement with the allegations set forth in Plaintiff's complaint"; and that Defendant's motion sought dismissal of the Complaint. (Dkt. No. 58, at 9–10).

2